T.C. Memo. 2000-305

UNITED STATES TAX COURT

WILLIAM K. STARR, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12831-99.                    Filed September 27, 2000.

William K. Starr, pro se.

Gregory M. Hahn, for respondent.

MEMORANDUM OPINION

COHEN, Judge:  Respondent determined a deficiency of $2,084 in petitioner's Federal income tax for 1995 and an addition to tax of $539.50 under section 6651(a)(1).  After concessions, the issue remaining for decision is whether a self-employed individual is entitled to use the Federal per diem rate to substantiate the amount of deductible lodging expenses for travel away from home under section 274(d).

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

This case was submitted fully stipulated under Rule 122. The stipulated facts are incorporated as our findings by this reference.

During 1995, William K. Starr (petitioner) resided in Phoenix, Arizona. Petitioner operated "Climb On A Rainbow", a sole proprietorship that provided hot air balloon rides to customers.

Petitioner operated his sole proprietorship for part of 1995 in Phoenix, Arizona, and the remainder of the year in Woodinville, Washington. During 1995, petitioner lived in a rented apartment in Woodinville for 156 days while operating his business.

On his Schedule C, Profit or Loss from Business, for 1995, petitioner claimed a travel expense deduction of $18,748, of which $18,720 represented lodging costs incurred in Washington. Petitioner computed his lodging expenses based on a per diem rate of $120 per day for the 156 days that he operated his business in Woodinville.

Respondent disallowed the $18,748 per diem lodging expense deduction claimed by petitioner but allowed a deduction of $5,595 for the lodging expenses actually incurred while operating the business in Washington. The actual expenses were computed as follows:

| | |
|---|---|
| Rent | $3,521 |
| Electricity | 257 |
| Cable | 178 |
| Utilities | 544 |
| Entertainment | 1,095 |
| Total | $5,595 |

Petitioner concedes that the maximum lodging deduction that he could claim in 1995 using a per diem rate would be $12,948, computed as the maximum Federal per diem rate multiplied by the 156 days that petitioner lived in Woodinville for business purposes. The maximum Federal per diem rate for lodging in King County, Washington, where Woodinville is located, was $83 per day during 1995.

### Discussion

Petitioner contends that a self-employed individual is entitled to use the Federal per diem rate to substantiate expenditures for lodging away from home. Respondent claims that petitioner, as a sole proprietor, is precluded from using the Federal per diem rate and is entitled only to a deduction equal to his actual lodging expenses substantiated under section 274(d).

Lodging expenses that are incurred while traveling away from home in the pursuit of business are generally deductible under section 162(a).  Section 274(d), however, disallows a deduction for lodging expenses under section 162 when a taxpayer fails to substantiate (1) the amount of the expense, (2) the time and place of travel, and (3) the business purpose of the expense.

Section 274(d) provides in part:

> SEC. 274(d).  SUBSTANTIATION REQUIRED.--No deduction or credit shall be allowed--
>
> (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home),
>
> *     *     *     *     *     *     *
>
> unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement (A) the amount of such expense or other item, (B) the time and place of the travel * * *, (C) the business purpose of the expense or other item * * *

The Secretary is vested with the authority to prescribe rules waiving the substantiation requirements in circumstances where it is impracticable for documentary evidence to be required.  See sec. 274(d).  Pursuant to this authority, Rev. Proc. 94-77, 1994-2 C.B. 825, was issued for the purpose of:

> providing rules under which the amount of ordinary and necessary business expenses of an <u>employee</u> for lodging, meal, and/or incidental expenses incurred while traveling away from home will be deemed substantiated under sec. 1.274-5T of the temporary Income Tax Regulations when a payor (the employer, its agent, or a third party) provides a per diem allowance under a reimbursement or other expense allowance arrangement to

pay for such expenses. This revenue procedure also provides an optional method for <u>employees and self-employed individuals</u> to use in computing the deductible costs of business meal and incidental expenses paid or incurred while traveling away from home. * * * [Emphasis added.]

Under Rev. Proc. 94-77, 1994-2 C.B. 825, employees and self-employed individuals are allowed to use the Federal per diem rate to substantiate business meals and incidental expenses incurred when traveling away from home. However, the use of the Federal per diem rate to substantiate the amount of lodging expenses is available only to certain employer-employee reimbursement arrangements. The procedure excludes self-employed individuals from using the Federal per diem rate to substantiate the amount of their lodging expenses. Therefore, a self-employed individual must still prove the amount of lodging costs with documentary evidence. See sec. 1.274-5T(c)(2)(iii), Temporary Income Tax Regs., 50 Fed. Reg. 46006 (Nov. 6, 1985).

This Court has previously addressed the issue of whether a self-employed individual is entitled to use the Federal per diem rate to substantiate the amount of deductible lodging expenses for travel away from home under section 274(d). In <u>Duncan v. Commissioner</u>, T.C. Memo. 2000-269, the taxpayer, a self-employed individual, claimed deductions for lodging and meals based on the Federal per diem rate. The Commissioner disallowed the lodging expenses that were claimed for lack of substantiation under section 274(d). The Court explained that a self-employed

individual is entitled to use the per diem rate to substantiate only meals and incidental expenses, not lodging expense. The Court held that a self-employed individual is not entitled to use the per diem method to substantiate lodging expenses under section 274(d) and disallowed the taxpayer's lodging expenses that were not otherwise substantiated under section 274(d). See also Bracey v. Commissioner, T.C. Memo. 1998-254; Hoag v. Commissioner, T.C. Memo. 1993-348.

Petitioner would have us disregard the specific language of section 274(d) and the procedures promulgated under that section. We cannot do so. Petitioner, as a self-employed individual, is not entitled to use the Federal per diem rate to substantiate the amount of his Schedule C lodging expenses. He is, however, entitled to deduct lodging expense for the amounts substantiated under section 274(d). Petitioner is limited to a deduction of $5,595, which represents the actual lodging expenses that petitioner substantiated under section 274(d).

To reflect the foregoing and the concessions of the parties,

Decision will be entered

under Rule 155.